## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SHANGHAI JINKO GREEN ENERGY ENTERPRISE MANAGEMENT CO., LTD. and ZHEJIANG JINKO SOLAR CO., LTD.<br><br>                                        Plaintiffs,<br><br>        v.<br><br>SEG SOLAR, INC., PT. SEG SOLAR MANUFAKTUR INDONESIA, SEG ENERGY SINGAPORE PTE. LTD., NEW ENERGY IMPORTS INC., SEG MANUFACTURING INC., and SEG SOLAR JIANGSU CO. LTD.<br><br>                                        Defendants. | Case No.  ___25-cv-5226___<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Shanghai Jinko Green Energy Enterprise Management Co., Ltd. ("Shanghai Jinko") and Zhejiang Jinko Solar Co., Ltd. ("Zhejiang Jinko") (collectively, "Jinko" or "Plaintiffs") hereby assert the following claims for patent infringement against Defendants SEG Solar, Inc. ("SEG Texas 1"), PT. SEG Solar Manufaktur Indonesia ("SEG Indonesia"), SEG Energy Singapore Pte. Ltd. ("SEG Singapore"), New Energy Imports Inc. ("SEG California"), SEG Manufacturing Inc. ("SEG Texas 2"), and SEG Solar Jiangsu Co., Ltd. ("SEG China") (collectively, "SEG" or "Defendants"), and allege as follows:

## THE PARTIES

1.      Shanghai Jinko is a foreign company organized and existing under the laws of China with its principal place of business at 5F, No. 277 Huqingping Road, Minhang District, Shanghai, China.

2.      Zhejiang Jinko is a foreign company organized and existing under the laws of China with its principal place of business at 58 Yuan Xi Road, Yuan Hua Town, Haining, Zhejiang Province, China.

3.      Upon information and belief, SEG Texas 1 is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 10625 Telge Road, Houston, TX 77095, USA.

4.      Upon information and belief, SEG Indonesia is a limited liability company organized and existing under the laws of Indonesia, with its principal place of business at PELABUHAN, Desa/Kelurahan Ketanggan, Kec. Gringsing, Kab. Batang, Provinsi Jawa Tengah, Indonesia.

5.      Upon information and belief, SEG Singapore is a private company limited by share, organized and existing under the laws of Singapore, with its principal place of business at 2 Venture Dr, #06-05, Vision Exchange, Singapore 608526.

6.      Upon information and belief, SEG California is a corporation organized and existing under the laws of the State of California with its principal place of business at 6200 Stoneridge Mall Road, Suite 300, Pleasanton, CA 94588, USA.

7.      Upon information and belief, SEG Texas 2 is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 10625 Telge Road, Houston, TX 77095, USA.

8.      Upon information and belief, SEG China is a corporation organized and existing under the laws of China with its principal place of business at Room 920-924, No. 12 Jinlan Road, Dongshan Street, Jiangning District, Nanjing, Jiangsu Province, China.

## BACKGROUND OF THE PARTIES

9.      Jinko is a globally leading photovoltaic (PV) module ("solar module") manufacturer and energy storage system integrator.  Founded in 2006, Jinko is one of the pioneers in large-scale research and manufacturing of PV products in the world. From the beginning, Jinko has secured a strong global market position through strategic foresight, continuous R&D investment, independent innovation, outstanding product quality, and an extensive sales network. According to the industry research report[1] prepared by InfoLink Consulting, Jinko was the PV module manufacturer with the highest shipment volume ranking in 2024. Jinko has been the champion in global annual module shipments six times.

10.     Embracing the mission of "optimizing the energy portfolio and taking responsibility for enabling a sustainable future" (https://www.jinkosolar.com/en/site/aboutus), Jinko strategically positions itself in the core segments of the photovoltaic industry chain.  It focuses on integrated research, development, and manufacturing of photovoltaic products, as well as providing comprehensive clean energy solutions.

11.     Jinko is a world leader in commercializing the large-scale production of N-type tunnel oxide passivated contact (TOPCon) products. Jinko holds the leading position for the N-type TOPCon segment with annual module shipments reaching 81.29 GW in 2024.

12.     Jinko's innovation continues.  As of the end of September 2024, Jinko had over 1,500 R&D staff.  Through independent research and development, Jinko has applied for over

---

[1]   *See*   https://www.infolink-group.com/energy-article/solar-topic-2024-global-module-shipment-ranking-significant-gaps-between-tiers.

4,100 patents globally, with more than 2,800 patents granted. Jinko's proprietary portfolio includes over 460 industry-leading patents related to N-type TOPCon technology.

13.    Jinko has earned numerous accolades for its work in the field.  It also pioneered the "vertically integrated" production capacity from silicon wafer and cell to module production in the industry.

14.    Upon information and belief, SEG manufactures solar modules in the United States for use in residential and commercial buildings and solar utility projects.  SEG products include its N-Type TOPCon solar cells and solar modules. Upon information and belief, SEG imports, sells, and offers to sell TOPCon solar cells and/or solar modules in the United States.

15.    The U.S. Custom record indicates that SEG California imported solar cells from SEG Indonesia to the United States with involvement of SEG Singapore.  Upon information and belief, SEG California provides SEG Texas 1 and/or SEG Texas 2 at least a portion of the imported solar cells, including N-Type TOPCon solar cells, for them to manufacture N-Type TOPCon solar modules for sales in the United States.

16.    The U.S. Custom record also indicates that the SEG Texas 2 imported solar modules, automatic photovoltaic module production lines, and temperature and humidity text boxes from SEG China to the United States.

17.    SEG has publicized multiple projects in the United States where it has supplied solar modules as shown on the map below, which includes Oregon, Pennsylvania, New Jersey, Texas, Florida, and Missouri, to name just a few.[2]

---

[2] *See* https://www.segsolar.com/projects; https://www.segsolar.com/projects/utility; https://www.segsolar.com/projects/cni; https://www.segsolar.com/projects/residential.



18.    SEG competes directly against Jinko for customers of solar modules, including products that are designed for the same applications of Jinko products.

19.    SEG's solar modules, including its N-type TOPCon solar modules, use Jinko's patented technology without authorization.

## JURISDICTION AND VENUE

20.    This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

21.    This Court has specific and personal jurisdiction over Defendants.  Defendants, acting in concert with each other through intermediaries including subsidiaries, distributors, affiliates, retailers suppliers, integrators, and customers, conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States, including by doing substantial, continuous, and systematic business in Texas and this district, such as the marketing, selling, and distributing of infringing solar cells and/or solar modules. This Court further has general personal

jurisdiction over SEG Texas 1 and SEG Texas 2 because they are both incorporated and have their principal places of business in this judicial district.

22.     Venue is proper in this judicial district pursuant to at least 28 U.S.C. § 1391 (b) and (c) and 28 U.S.C. § 1400(b).  Specifically, SEG Texas 1 and SEG Texas 2 are incorporated and have regular and established places of business at 10625 Telge Road, Houston, TX 77095, USA. SEG California may be sued in this district because it has a regular and established place of business (*e.g.*, for marketing and sales operations) in this district, and because it commits acts of infringement (*e.g.*, sells and offers to sell accused products) in this district.  Upon information and belief, SEG California provides N-Type TOPCon solar cells from SEG Indonesia to SEG Texas 1 and/or SEG Texas 2 for manufacturing N-Type TOPCon solar modules.  Venue is proper to SEG Indonesia, SEG Singapore, and SEG China in this District pursuant to 28 U.S.C. § 1391 because SEG Indonesia, SEG Singapore, and SEG China are all foreign companies not residents in the United States and thus may be sued in any judicial district.

## ASSERTED PATENT

23.     Jinko is the current owner and assignee of 11,824,136 (the "'136 Patent" or the "Asserted Patent").

24.     The '136 Patent (entitled "Solar cell, manufacturing method thereof, and photovoltaic module") duly and legally issued on November 21, 2023.  The '136 Patent is valid and enforceable.  The '136 Patent is attached hereto as Exhibit 1.

25.     Jinko exclusively owns all rights, title, and interest in the Asserted Patent, including the right to bring this action to recover past and future damages for SEG's infringement of the Asserted Patent.

26.     Defendants are not and have never been licensed to practice Jinko's Asserted Patent.

27.     The Asserted Patent is valid and enforceable.

## DEFENDANTS' INFRINGEMENT OF AND KNOWLEDGE
## OF THE ASSERTED PATENT

28.    On information and belief, SEG makes, uses, sells, offers to sell, and/or imports infringing solar modules (the "Accused Solar Modules") in the United States. The Accused Solar Modules include, but are not limited to, SEG's N-type TOPCon solar module series, *e.g.*, Alpine N and Yukon N series, including SEG-435-BTE-BG, SEG-440-BTE-BG, SEG-445-BTE-BG, SEG-450-BTE-BG, SEG-495-BTD-BG, SEG-500-BTD-BG, SEG-505-BTD-BG, SEG-510-BTD-BG, SEG-610-BTC-BG, SEG-615-BTC-BG, SEG-620-BTC-BG, SEG-625-BTC-BG, SEG-700-BTC-BG, SEG-705-BTC-BG, SEG-710-BTC-BG, SEG-715-BTC-BG, SEG-420-BTD-BG, SEG-425-BTD-BG, SEG-430-BTD-BG, SEG-435-BTD-BG, SEG-440-BTD-BG, SEG-445-BTD-BG, SEG-480-BTB-BG, SEG-485-BTB-BG, SEG-490-BTB-BG, SEG-495-BTB-BG, SEG-575-BTA-BG, SEG-580-BTA-BG, SEG-585-BTA-BG, SEG-590-BTA-BG, SEG-595-BTA-BG, SEG-625-BTZ-BG, SEG-630-BTZ-BG, SEG-635-BTZ-BG, SEG-640-BTZ-BG, and all substantially similar equivalents thereof.

29.    The Accused Solar Modules are displayed on SEG's website, including at https://www.segsolar.com/products. Product specifications for the Accused Solar Modules are attached as Ex. 3–12 and can be downloaded at the following:

- For the Alpine N Series:
  https://www.segsolar.com/Public/Uploads/uploadfile/files/20250424/SEG435450BTEFullBlackBG210REN.pdf

  https://www.segsolar.com/Public/Uploads/uploadfile/files/20250424/SEG495510BTDFullBlackBG210REN.pdf

  https://www.segsolar.com/Public/Uploads/uploadfile/files/20241227/SEG700715BTCBG210EN.pdf

  https://www.segsolar.com/Public/Uploads/uploadfile/files/20241227/SEG610625BTCBG210REN.pdf

- For the Yukon N Series:

  https://www.segsolar.com/Public/Uploads/uploadfile/files/20250424/SEG430445BTDFullBlackBG182EN.pdf

  https://www.segsolar.com/Public/Uploads/uploadfile/files/20250424/SEG480495BTBBG182EN.pdf

  https://www.segsolar.com/Public/Uploads/uploadfile/files/20250424/SEG580595BTABG182EN.pdf

  https://www.segsolar.com/Public/Uploads/uploadfile/files/20241227/SEG625640BTZBG182EN.pdf

  https://cdn.myced.com/images/Products/ZZ0000/ZZ3098/00000/ZZ309800015_DS.pdf

  https://cdn.myced.com/images/Products/ZZ0000/ZZ3098/00000/ZZ309800017_DS.pdf

30.    SEG announced through its press releases that on April 29, 2025 (Indonesia time), it successfully launched a new production line for producing N-type solar cells at SEG Indonesia. Ex. 13.[3] These N-type solar cells manufactured at SEG Indonesia were, are, and will continue to be partially imported to the United States to supply SEG's global module assembly plant in the United States, which, on information and belief, includes SEG Texas 1 and SEG Texas 2. *See id;* Ex. 14.[4]



---

[3] Available at https://www.segsolar.com/press/news/129.
[4] Available at https://www.pv-tech.org/seg-solar-to-build-5gw-vertically-integrated-manufacturing-plant-in-indonesia/.

Looking ahead, the cell plant is set to expand to an annual capacity of 5 GW and will further develop a fully vertically integrated industrial chain covering silicon rods, wafers, solar cells, and modules. With upstream and downstream synergy, SEG will provide cleaner, traceable green products to markets in the U.S., Europe, and Indonesia.

"Integrated layout across the entire industry chain is crucial for SEG to adhere to legally compliant supply chain standards. Through upstream and downstream coordination, SEG ensures the provision of clean, traceable green products for the markets in the United States, Europe, and Indonesia, thereby facilitating the global transition towards green, low-carbon energy," said Jun Zhuge, founder and COO of SEG Solar.

Cells produced at the Indonesian plant will supply the company's global module assembly plant in the US. The company has plants in China, Thailand and the US which is nearly operational.

In its home-country, the company is currently building a 2GW tunnel oxide passivated contact (TOPCon) module assembly plant in Texas which is expected to be operational this year. Last year, SEG Solar completed funding for the module assembly plant with an investment of over US$60 million. The plant is currently on its equipment installation and commissioning phase, a SEG Solar spokesperson told *PV Tech*.

31.     SEG also touts its major presence in the U.S. solar market through its press releases. By March 2025, SEG had already supplied over 6 GW of modules, including to customers in the United States. *See* Ex. 15.[5]

SEG, a pioneer in innovation and customer value enhancement, has established a strong reputation with investors, partners, and customers both domestically and internationally. With a strong presence in the United States and aggressive expansion into global markets, SEG provides comprehensive solutions for residential, commercial, and utility-scale solar installations. By focusing on quick delivery, excellent service, and extensive experience, SEG has earned the trust of clients in over 50 countries, delivering more than 6GW of high-efficiency solar products. This strategy not only drives order growth but also ensures SEG's continued presence on the Tier 1 list.

32.     According to SEG, it provides continued support to its customers—presumably including its United States customers—by offering a 30-year product warranty, which is further backed by a 30-year warranty for power output for at least its Alpine N and Yukon N Series

---

[5] Available at https://www.segsolar.com/press/news/126.

infringing solar modules. *See* the product specifications for the Accused Solar Modules, Ex. 3–12. The warranty graph[6] for Alpine N Series SEG-435-BTE-BG, SEG-440-BTE-BG, SEG-445-BTE-BG, and SEG-450-BTE-BG is shown below as one example.



33.    Upon information and belief, SEG has had knowledge of the Asserted Patent since their issuance because, as an active competitor to Jinko, SEG would have periodically investigated Jinko's patent portfolio, and its applicability to SEG's products.  Moreover, upon information and belief, SEG has had knowledge of the Asserted Patent and Jinko's allegations of infringement since at least December 6, 2024 due to its monitoring of industry news.  On that date, Jinko filed a lawsuit alleging infringement of the Asserted Patent by several defendants in the Northern District of California in *Shanghai Jinko Green Energy Enterprise Management Co., Ltd. et al v. Abalance Corporation et al,* Case No. 3-24-cv-08828.  Further, on February 7, 2025, Jinko filed a lawsuit against Waaree Solar Americas, Inc. et al in the Southern District of Texas in *Shanghai Jinko Green*

---

[6] Available at
https://www.segsolar.com/Public/Uploads/uploadfile/files/20250424/SEG435450BTEFullBlackBG210REN.pdf.

*Energy Enterprise Management Co., Ltd. et al v. Waaree Solar Americas Inc. et al*, Case No. 4-25-cv-00532 (SDTX).  The case against Waaree is in the same district as this case and, upon information and belief, SEG was aware of Jinko's case against Waaree on the '136 Patent.  Upon information and belief, SEG continued using the infringing solar cells despite knowledge of their infringement of the Asserted Patent.

34.    Defendants have knowledge of the Asserted Patent at least as of the filing of this complaint.

## COUNT 1

### (Infringement of U.S. Patent No. 11,824,136)

35.    Defendants have directly infringed and continue to infringe, literally and under the doctrine of equivalents, one or more claims of the '136 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).

36.    A claim chart illustrating SEG's infringement of claim 1 of the '136 Patent is attached as Exhibit 2 and incorporated by reference as if fully set forth herein. As alleged herein and in Exhibit 2, Defendants' products, including the exemplary product analyzed in Exhibit 2, meet each and every one of the claim limitations of at least claim 1 of the '136 Patent. Claim 1 recites:

1. A solar cell, comprising:

a semiconductor substrate, wherein a rear surface of the semiconductor substrate has a first texture structure, the first texture structure has a non-pyramid-shaped microstructure and includes two or more first substructures at least partially stacked on one another, a top surface of the first substructure is a polygonal plane, and a one-dimensional size of the top surface of the outermost first substructure is less than or equal to 45 μm; and wherein a front surface of the semiconductor substrate has a second texture structure, the second texture structure includes a pyramid-shaped microstructure, the pyramid-shaped microstructure includes a top portion away from the front surface of the semiconductor substrate and a bottom portion

close to the front surface of the semiconductor substrate, and in a direction away from the front surface and perpendicular to the front surface, a distance between the top portion and the bottom portion of the pyramid-shaped microstructure is less than or equal to 5 μm;

a first passivation layer located on the second texture structure of the front surface of the semiconductor substrate;

a tunnel oxide layer located on the first texture structure of the rear surface of the semiconductor substrate;

a doped conductive layer located on a surface of the tunnel oxide layer; and

a second passivation layer located on a surface of the doped conductive layer.

37.    Defendants also indirectly infringe one or more claims of the '136 Patent, pursuant to 35 U.S.C. § 271(c), by contributing to or direct infringement committed by others, such as customers and end-users, in this District and elsewhere in the United States at least by making, using, offering to sell, importing, and/or selling at least the Accused Solar Modules.

38.    Defendants have actively induced infringement of the '136 Patent without authority in violation of 35 U.S.C. § 271(b).  Defendants continue to induce infringement of the '136 Patent without authority in violation of 35 U.S.C. § 271(b).  Specifically, Defendants understand, intend, and encourage their products such as the Accused Solar Modules, to be imported, offered for sale, sold or used in the United States, knowing they infringe at least one claim of the '136 Patent.

39.    The Accused Solar Modules are a material part of the invention of the '136 Patent, are not staple articles or commodity of commerce, have no substantial non-infringing use, and are known by Defendants to be especially made or adapted for use in the infringement of the '136 patent.

40.    Defendants' infringement of the '136 Patent has been and continues to be willful.

41.    Defendants' infringement of the '136 Patent has damaged and continues to damage

Jinko in an amount yet to be determined, of at least a reasonable royalty.

## DAMAGES

42.     As a result of SEG's acts of infringement, Jinko has suffered and continues to suffer actual and consequential damages.  However, Jinko does not yet know the full extent of the infringement and the amount of damages cannot be ascertained except through discovery and special accounting.  To the fullest extent permitted by law, Jinko seeks recovery of damages at least for reasonable royalties, lost profits, unjust enrichment, and benefits received by Defendants as a result of using the patented technology.  Jinko further seeks any other damages to which Jinko is entitled under law or in equity, including enhanced damages for Defendants' willful infringement.

43.     To remedy any ongoing and/or future harm to Jinko caused by Defendants' infringement, Jinko seeks a preliminary and permanent injunction preventing any further infringement.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

A.     A judgment that Defendants have infringed one or more claims of the Asserted Patent;

B.     A preliminary and permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with Defendants, from infringing the Asserted Patent;

C.     An award of damages resulting from Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

D.      A judgment and order finding that Defendants' acts of infringement were egregious and willful and trebling damages under 35 U.S.C. § 284;

E.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Jinko reasonable attorneys' fees against Defendants;

F.      A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to Jinko, including, without limitation, prejudgment and post-judgment interest; and

G.      Any and all other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Jinko hereby demands a trial by jury of all issues so triable.

Dated:  October 31, 2025                              **FOLEY & LARDNER LLP**

By: /s/ *Miguel Bombach*

Yun Louise Lu (*pro hac vice forthcoming*)
louise.lu@foley.com
Miguel J. Bombach
miguel.bombach@foley.com
Rui Wu (*pro hac vice forthcoming*)
ray.wu@foley.com
11988 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 847-6700

Maren Laurence (*pro hac vice forthcoming*)
mlaurence@foley.com
95 S. State St, Ste 2500
Salt Lake City, UT 84106
Telephone: (801) 401-8900

*Attorneys for Plaintiffs Shanghai Jinko Green Energy Enterprise Management Co., Ltd. and Zhejiang Jinko Solar Co., Ltd.*